# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | | |
|---|---|---|
| KAREN L. FRANK, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 3:17cv00292-JJV |
| Commissioner for Operations, performing the | * | |
| duties and functions not reserved to the | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Ms. Frank has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work - despite her impairments. (Tr. 17-26.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-three years old at the time of the administrative hearing. (Tr. 36.) She testified she went to the ninth grade in school. (*Id*.) She has past work as a fast food cook, fast food worker, and caregiver. (Tr. 25.)

The ALJ[1] found Ms. Frank had not engaged in substantial gainful activity since April 4, 2014 - the alleged onset date. (Tr. 19.) She has "severe" impairments in the form of "degenerative disc disease, lumbar facet arthropathy, osteoarthritis, and diabetes mellitus." (*Id*.) The ALJ further found Ms. Frank did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-22.)

The ALJ determined Ms. Frank had the residual functional capacity to perform the full range of light work given her physical impairments. (*Id*.) He utilized the services of a vocational expert to determine if plaintiff could perform her past jobs. (Tr. 40, 49-51.) Based in part on the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

testimony of the vocational expert, the ALJ determined Ms. Frank could perform her past work as a fast food worker. (Tr. 25.) Accordingly, the ALJ determined Ms. Frank was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Frank argues that the ALJ failed to develop the record by not following up with Roger L. Troxel, M.D., to clarify his medical source statement. (Doc. No. 15 at 4-7.) Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither and I find this argument to be without merit.

Ms. Frank clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

As the ALJ stated, "The claimant does have degenerative disc disease and lumbar spondylosis, but the conditions do not result in spinal canal stenosis or foraminal narrowing. She does not need surgery. She does not have positive straight-leg tests and her sensory and motor functioning is intact. . . She is able to walk normally." (Tr. 24.) All of this is true. (Tr. 288, 303-307, 309-335.) Ms. Frank does have some limitations. But the ALJ accounted for those in

3

concluding she could perform work activities up to and including the light exertional level.

The ALJ's opinion is also supported by the conclusions of Rita Allbright, M.D., and Bill F. Payne, M.D.   (Tr. 61-62, 83-85.)   And while I recognize Plaintiff's argument that these doctors only reviewed the medical records and did not examine Ms. Frank, their opinions can be substantial evidence when not contradicted by other evidence of record.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work.  In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals.   And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments which I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

I am sympathetic to Ms. Frank's claims.   Plaintiff's counsel has done an admirable job advocating for Ms. Frank's rights in this case.   But I am simply unable to find reversible fault in the ALJ's opinion.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 27th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE